UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERROD DARREL PIGEE,

       Petitioner,                          Civil Action No. 07-CV-15110

v.

                                          HON. BERNARD A. FRIEDMAN

DAN QUIGLEY,

       Respondent.
                          /

**ORDER DENYING PETITIONER'S "FRCP 59 MOTION FOR RECONSIDERATION TO ALTER OR AMEND ORDER DENYING WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY" AND PETITIONER'S "MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL"**

        Petitioner Sherrod Darrel Pigee is a state inmate currently incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan. He filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for conducting a criminal enterprise. On October 23, 2009, the court denied the petition and declined to issue a certificate of appealability. Now before the court is petitioner's "FRCP 59 Motion for Reconsideration to Alter or Amend Order Denying Writ of Habeas Corpus and Certificate of Appealability" [docket entry 22].

        The legal standards governing petitioner's Rule 59(e) motion are been stated as follows:

> Motions to alter or amend are entrusted to the Court's sound discretion. *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir.1982). In general, a judgment may be altered or amended for one of three reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice. *Javetz v. Bd. of Control, Grand Valley State University*, 903 F. Supp. 1181, 1190 (W.D. Mich.1995).

> A Rule 59(e) motion, however, is not intended as a vehicle to relitigate previously considered issues. *Keweenaw Bay Indian Community v. State of Michigan*, 152 F.R.D. 562, 563 (W.D. Mich.1992), aff'd 11 F.3d 1341 (6th Cir.1993) (citing *E.E.O.C. v. Argent Ind.*, 746 F. Supp. 705, 706 (S.D. Ohio 1989)). In addition, a Rule 59(e) motion should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence. *Id.* (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F.Supp. 1406, 1419 (D. Md. 1991)).

*Keweenaw Bay Indian Cmty. v. United States*, 940 F.Supp. 1139, 1140-41 (W.D. Mich. 1996) (footnote omitted).

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp.2d 661, 668 (E.D. Mich. 2001). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich.1997).

Petitioner argues that the court should reconsider and alter or amend its October 23, 2009, opinion and order because a certificate of appealability should have been granted. The court properly denied petitioner a certificate of appealability on his habeas claims. Petitioner's arguments to the contrary amount to a disagreement with the court's decision, do not persuade the court that relief is appropriate under Rule 59(e), and do not meet his burden of showing a palpable defect by which the court has been misled or his burden of showing that a different disposition must result from a correction thereof. The motion will, therefore, be denied.

Also before the court is petitioner's motion to proceed *in forma pauperis* on appeal. Rule 24(a)(1) of the Rules of Appellate Procedure requires that parties seeking to proceed in forma pauperis file a motion in the district court with an attached affidavit that "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs." Petitioner has failed to file the affidavit required by Rule 24(a). Petitioner's motion merely states that he is indigent and, although he has a retained attorney, is unable to pay the required filing fee. The motion acknowledges that the required affidavit was not filed with the motion, but states that the affidavit will be provided. Ten weeks have elapsed since petitioner filed his motion and he has still not filed the required affidavit. Because petitioner has not filed the required affidavit, the court concludes that he has failed to demonstrate an inability to pay. Accordingly,

IT IS ORDERED that petitioner's "FRCP Motion for Reconsideration to Alter or Amend Order Denying Writ of Habeas Corpus and Certificate of Appealability" [docket entry 22] and petitioner's "Motion to Proceed *In Forma Pauperis* on Appeal" [docket entry 24] are denied.

                S/Bernard A. Friedman
                Bernard A. Friedman
                United States District Judge

Dated: January 25, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 25, 2010, by electronic and/or ordinary mail.

                S/Felicia Moses for Carol Mullins
                Case Manager