No. 09-2501

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

SHERROD PIGEE, )
 )
    Petitioner-Appellant, )
 )
v. ) O R D E R
 )
DAN QUIGLEY, Warden, )
 )
    Respondent-Appellee. )
 )

FILED
Jun 19, 2012
LEONARD GREEN, Clerk

    Sherrod Pigee, a Michigan prisoner represented by counsel, appeals the district court's judgment denying his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. This court construes his notice of appeal as an application for a certificate of appealability.

    Pigee pleaded no contest to one count of racketeering in connection with his involvement in numerous fraudulent real estate transactions. Pursuant to a plea agreement, the prosecution agreed to recommend no prison time if Pigee complied with certain terms and conditions during a deferred sentencing period, including paying restitution. Because Pigee did not pay the required restitution, the prosecution recommended a prison sentence. The trial court sentenced Pigee to six to twenty years in prison, and it denied his subsequent requests to withdraw his plea. The Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal.

    Pigee filed a § 2254 petition, raising the following claims: (1) his plea was involuntary because the trial court did not advise him as required by Michigan Court Rule 6.302(C)(3); (2) his plea was involuntary because the trial court did not comply with Michigan Court Rule 6.302(A) and (E); (3) the prosecution acted vindictively toward him; (4) the prosecution breached the plea agreement; and (5) the trial court's order prohibiting him from buying, selling, or owning real property except for his home violated the Excessive Fines Clause of the Eighth Amendment and the

Privileges and Immunities Clause of both the Fourteenth Amendment and Article IV of the Constitution. The district court denied the petition on the merits and declined to issue a certificate of appealability.

To obtain a certificate of appealability, a habeas corpus petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court has rejected the constitutional claims on the merits, a petitioner must demonstrate that jurists of reason would find it debatable whether the district court correctly resolved the claims under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Miller-El*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Pigee first argues that his no contest plea was unknowing and involuntary for three reasons: (1) the trial court did not advise him pursuant to Michigan Court Rule 6.302(C)(3) that he could withdraw his plea if the court declined to follow the parties' sentencing agreement; (2) the trial court did not ask the prosecutor or defense counsel if they were aware of any undisclosed promises, threats, or inducements concerning the plea as required by Michigan Court Rule 6.302(A) and (E); and (3) the prosecution subsequently named his wife and children in certain notices of lis pendens. A plea is valid if it was voluntary, knowing, and intelligent based on the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 748-49 (1970). The record demonstrates that Pigee's plea was voluntary, knowing, and intelligent despite the fact that the trial court did not strictly comply with the requirements of Rule 6.302. Further, Pigee has cited no Supreme Court case that requires a defendant to be informed that he could withdraw his plea if the trial court does not follow a sentencing agreement. Reasonable jurists would not debate the district court's resolution of this claim under the AEDPA.

Pigee next argues that the prosecution acted vindictively toward him in several ways: (1) it named his family members in certain notices of lis pendens; (2) it had him illegally jailed for eleven days; (3) it recorded an unlawful notice of intent to forfeit his father's home; and (4) it published an unlawful notice of intent to forfeit the home of his children's godmother. "[T]o show vindictive prosecution there must be (1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; [and] (4) the intent to punish the

No. 09-2501
- 3 -

defendant for exercise of the protected right." *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001). Reasonable jurists would not debate the district court's resolution of this claim under the AEDPA because Pigee has not shown that the prosecution's actions were unreasonable or that they were intended to punish Pigee for exercising a protected right.

Pigee next argues that the prosecution breached the plea agreement in several ways: (1) it filed notices of intent to forfeit the homes of Pigee's father and the godmother of his children; (2) it named his friends and family in certain notices of lis pendens; and (3) it failed to recommend a sentence of no prison time. The prosecution did not breach the plea agreement by filing the notices of intent to forfeit or by naming the individuals in the notices of lis pendens because the plea agreement did not contain terms addressing those issues. The prosecution also did not breach the agreement by failing to recommend that Pigee serve no prison time because it was relieved of its obligation to make the recommendation when Pigee did not pay restitution as required during the deferred sentencing period. Reasonable jurists would not debate the district court's assessment of this claim under the AEDPA.

Finally, Pigee argues that the trial court's order prohibiting him from owning, buying, or selling real property except for his home violated the Excessive Fines Clause of the Eighth Amendment and the Privileges and Immunities Clause of both the Fourteenth Amendment and Article IV of the Constitution. Reasonable jurists would not debate the district court's resolution of this claim under the AEDPA because no Supreme Court case establishes that an order prohibiting the future purchase, sale, or ownership of real property can violate the Excessive Fines Clause, *see United States v. Bajakajian*, 524 U.S. 321, 327-28 (1998), or the Privileges and Immunities Clause of either the Fourteenth Amendment or Article IV of the Constitution.

Accordingly, Pigee's application for a certificate of appealability is denied.

ENTERED BY ORDER OF THE COURT

*[signature]*

Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| Leonard Green<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: June 19, 2012

Mr. Steven A. Finegood
Law Offices
17515 W. Nine Mile Road
Suite 400
Southfield, MI 48075

Ms. Raina I. Korbakis
Office of the Michigan Attorney General
Appellate Division
P.O. Box 30217
Lansing, MI 48909

Re: Case No. 09-2501, *Sherrod Pigee v. Dan Quigley*
Originating Case No. : 2:07-CV-15110

Dear Counsel,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Sue Burlage
Case Manager
Direct Dial No. 513-564-7012

cc: Mr. David J. Weaver

Enclosure

No mandate to issue